**No. 598**

**First Circuit**

**FOSTER v. ABNEY ET AL.**

(April 14, 1930. Opinion and Decree.)
(May 6, 1930. Rehearing Refused.)
(July 2, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

Miller & Heintz, of Covington, attorneys for plaintiff, appellee.

L. V. Cooley, Jr., of Slidell, attorney for defendants, appellants.

ELLIOTT, J. This is a damage suit brought by Bert J. Foster against Walter J. Abney and Mrs. Annie M. Abney, his wife, in which he claims of them the sum of $1,500 in solido.

He alleges against them in his petition that he had been occupying a residence belonging to Mrs. Abney, situated in the town of Slidell, as her tenant and lessee, from on or about August 1, 1926, until on or about August 24, 1928, at a monthly rental of $8 per month, and owed Mrs. Abney about two months' rent.

That having lost his job and being out of employment, he decided to go to Mobile to look for work. That before leaving he called on Walter Abney, who had charge of the property for his wife, Mrs. Annie M. Abney, informed him of his desire, and requested permission to leave his household effects and property in said house until he obtained work or returned to Slidell, and that said Walter L. Abney agreed that he might do so.

That having obtained consent as above stated, he securely fastened up the house, leaving therein his furniture, household effects, and the clothes of himself, his wife, and four children.

That on September 12, 1928, he returned with his family about 11 o'clock at night and found the house occupied by a man named Galloway, who informed him that he had rented the house from the defendants, and that on instructions of W. L. Abney he had moved petitioner's household effects and furniture from said premises and put them in a shed or building where the defendants resided.

That having no money to pay for lodging, he and his wife and four children, the youngest less than two years old, were compelled to spend the night in his automobile. That on the following day he went to the residence of the defendants and demanded possession of his property, and the clothes of himself and family. That said W. L. Abney, acting for himself and wife, refused to surrender any of said property until he had paid the rent owing for the house.

Plaintiff claims the value of his property, placing it at $500, also damages on account of having been deprived of the use of the same by himself and family, and for being compelled to spend the night out of doors in his automobile, etc., $800, a total of $1,500.

Defendants, Walter L. Abney and Mrs. Annie M. Abney, in their answer, deny that Walter L. Abney entered into an agreement with plaintiff that he might leave his property and household effects in the house until he obtained work or returned to Slidell. They admit that Mrs. Abney moved his effects out of the house and stored them, in order to preserve them, and at the same time to preserve her privilege on them as lessor. That his effects were moved out, to the end that she might rent the house to another tenant. That Mrs. Abney notified plaintiff to vacate the house; that he thereupon disappeared from the premises and from the town of Slidell, without leaving any word as to his whereabouts; that he in fact abandoned the premises and certain household effects located therein.

They deny that plaintiff sustained any damages, and urge a demand in reconvention against him for four months' rent, in amount $32. There was judgment in favor of the plaintiff for $350.

Defendants have appealed.

The plaintiff testified in all respects substantially as alleged in his petition. He is corroborated by Mrs. Foster, their young lady daughter, Miss Foster, and by a man named Clement. According to the testimony of the plaintiff, his wife, daughter, and the witness Clement, the conversation between the plaintiff and Walter L. Abney took place at the latter's filling station in the town of Slidell. The substance of it was that Foster informed Abney that he had just received the notice to vacate sent him by Mrs. Abney; that he was not able to move his effects at the time; that he wanted to go to Mobile to look for work and to to take his family with him, as he had relatives there, and wanted to know if he could leave his effects in the house and lock it up until he could find work; that as soon as he got employment he would pay the rent and come or send for his effects. That Mr. Abney told him to go ahead; it would be all right, or used words to that effect. The plaintiff testified that acting upon this arrangement with Mr. Abney he fastened up the house and departed with his wife and children, going to Mobile; that being unable to find employment there, he returned to Slidell after a little more than two weeks, reaching there about 11 o'clock at night; that he found the house occupied by another family; that his wife, four children, and himself were thus compelled to spend the night in his automobile; that he called on Mr. and Mrs. Abney the next morning for his effects and was informed that he could not get anything until he paid the rent he owed for the house, which was at the time $26.

Walter L. Abney states the matter differently:

"Q. Did you hear Mr. and Mrs. Foster testify as to the conversation held with you at the filling station some time in August?

"A. I heard them say that.

"Q. Did any such conversation take place?

"A. Foster came there to the filling station and spoke of going away, and asked me about the furniture in the premises. I told him we expected the furniture to stand good for the rent, which we did, me and my wife. I was speaking for her.

"Q. Did you or not tell him that he could leave the furniture there and come back subsequently and it would be all right?

"A. I did not.

"Q. What did Foster say to you?

"A. Foster told me that he was unable to get employment in Slidell at that time and he was going away, he did not state how long or when he expected to be back, and asked me in regard to leaving the furniture in the premises, and that was my answer to him—that we expected the furniture to stand good for the rent.

"Q. That is all you told him?

"A. That was all.

"Q. Did Mr. Foster at any time request permission from you to leave his household effects and property in this house until he could obtain work?

"A. No, he did not.

"Q. Did he at any time request permission to leave his household effects there while he went away and until he returned, as he testified in this case just now?

"A. That is the only time he ever spoke to me in regard to it at all. My answer to him was, as stated just now—we expected the furniture to stand good for the rent.

"Q. Did you at any time give Foster permission as he requested?

"A. I did not.

"Q. This permission—you understand my question—was to leave his household effects there until he obtained work and returned to Slidell. You say you did not give him this permission?

"A. I did not."

These questions and answers of Mr. Abney admit that plaintiff made the request which he claims to have made, but denied that consent was given thereto.

Mrs. Abney, questioned in regard to the matter, said:

"Q. Did your husband tell you that Mr. Foster went to him and wanted to leave his furniture in the house while he went away to look for work? Didn't you know that?

"A. No, sir, I did not; if he had, I consider that I owned the property and I had a right to do as I pleased."

The testimony on the subject and connecting facts and circumstances have led us to the conclusion that Mr. Abney did agree to the request of Mr. Foster that he might leave his effects in the house while he went to Mobile with his family to look for employment; that he answered Foster that it would be all right, the understanding being that Foster would soon obtain employment, pay the rent, and either come or send for his effects. An arrangement of this kind having been entered into, plaintiff, acting thereon, fastened up the house and departed with his family on the next day following the conversation with Mr. Abney, or the day thereafter. We are unable to come to any satisfactory conclusion, however, as to the length of time plaintiff was absent. According to the plaintiff and his wife and daughter, he was absent a little over two weeks. According to defendants and the witness Galloway he must have been absent fully three weeks or more. We think plaintiff was absent longer than as stated in his petition.

The facts show that Mr. Abney was the agent of his wife in renting this property to, and in collecting the rent from, the plaintiff. Acting for her, he had rented it to Mr. Foster some two years previously; the rent was some times paid to him and at other times, to Mrs. Abney.

We have also concluded that Mr. Abney had authority as her agent to authorize Mr. Foster to leave his effects in the house, as Mr. Foster claims he did. And Mr. Abney having entered into said arrangement, it was binding on Mrs. Abney, no matter whether she was aware of it or not.

No definite time was fixed during which Foster might be gone; but the arrangement did not contemplate an unreasonable enforcement. It cannot be supposed that the parties contemplated placing Mrs. Abney in a situation in which her house would be converted into a storing place for plaintiff's effects for an extended period of time. It contempated that Foster would soon pay the rent and move his effects out of the house.

The evidence does not indicate that plaintiff had any communication with Mr. or Mrs. Abney from the time he left on or about August 21 or 22, 1928, until his return, we think likely, about three weeks thereafter. According to Mr. Galloway, he moved into the house on or about September 8, 1928. Plaintiff's effects had been moved out of the house before he moved in. We do not find under the circumstances that Mrs. Abney should be held to have acted too soon in moving plaintiff's effects out of the house. She had the right to expect the plaintiff to soon find employment, pay the rent, and either come and get his effects or send for them.

The evidence does not indicate proper diligence on the part of the plaintiff in the matter of finding work, remitting the rent, and coming or sending for his effects. The house was small, and plaintiff's effects had to be moved out and stored elsewhere before it could be occupied by another family. We therefore do not find

that plaintiff is entitled to damages because his effects were moved from the house. But we find that the defendants, Mr. and Mrs. Abney, were at fault for the way plaintiff's property was treated while being taken down and for the manner in which it was placed and kept on defendant's premises. When Mrs. Abney, instead of resorting to the process of the law for having the effects in the house subjected to her privilege as lessor, took it on herself, on account of the arrangement which had been entered into between plaintiff and her husband, to move them out of the house and store them elsewhere, it should have been done carefully. She should have given the property, while it was being packed, taken out of the house to the storing place and put away, all the care of a prudent administrator. Civil Code, arts. 3167 and 1908. The facts indicate that this was not done. The evidence shows that the effects consisted not only of furniture in good condition, but of other things in good condition, such as clothing, linen, and other things belonging to the plaintiff and his wife and children, such as tools, family beds, bedsteads, armour, table, books, musical instruments, family portraits, dining table, dining room utensils, stove and kitchen utensils, etc., on which the lessor's privilege did not exist, Civil Code, art. 2705, and which could not be taken under process of law for the payment of debts, Code Prac. art. 644 (Amended by Act 184 of 1918).

Mr. and Mrs. Abney claim that they were not aware that they had plaintiff's clothing and that of his wife and children in their possession. They say that plaintiff and his wife did not request the return of their clothing; that if they had known that their clothing was part of the effects detained, and had been so requested, the clothing would have been returned. The defendants must be held to have been aware of what they had removed from the house in question and had in their possession, stored in their yard, and if they were not aware that among the effects was clothing, they ought to have been, and will be considered to have known what was actually in their possession and their explanation cannot excuse them.

The plaintiff in his petition does not pray that the effects be restored to him; he alleges that his effects were worth $500, and that the value of the same had been destroyed by the fault of the defendants. His wife produces a list showing the effects and their estimated value, which is considerably in excess of the sum alleged. Plaintiff claims their value; he also claims damages in his own behalf and in that of his family on account of having been deprived of their use. The amount of rent due, compared to the value of the effects, was insignificant at the time the things were taken out of the house; but defendants do not offer to restore anything. Defendants, in our opinion, have, by their fault, destroyed the value of effects, such as has been above described, which were valuable to the plaintiff and his family at the time of their departure from the house. Some of the things had value in the eyes of the plaintiff and his family and were of no value to anybody else. Civil Code, art. 1934, subd. 3, etc. As defendants are responsible for the loss of plaintiff's effects, they must make the loss good, as near as can be ascertained.

The lower court awarded the plaintiff $350 damages against the defendants in solido. The judgment does not say whether it is solely for the value of plaintiff's effects, or for damages for having been de-

prived of the use of same. It does not appear how the amount was arrived at. The plaintiff states in his brief that he has filed an answer to the appeal in which he prays that the amount allowed him in the lower court be increased, but we do not find the answer in the record, and therefore do not act on that question. But we are satisfied that the amount allowed should not be decreased.

The defendants urge in their answer a demand against the plaintiff in reconvention for $32 on account of unpaid rent. The lower court did not act on this demand.

We think that defendant's demand in reconvention, to the extent of $26, should be granted. The judgment appealed from must be amended in that respect, in other respects it will be affirmed.

For these reasons the judgment appealed from, to the extent that it is in favor of the plaintiff, Bert J. Foster, and against the defendants Walter L. Abney and Mrs. Annie M. Abney in solido for $350, with interest thereon, as stated in the judgment, and condemns the defendants to pay the cost in the lower court, will be affirmed. But it is now ordered that defendants Walter L. Abney and Mrs. Annie M. Abney have judgment in reconvention against the said Bert J. Foster to the extent of $26, with legal interest from September 21, 1928, until paid. That this judgment in reconvention be applied as a credit and offset against the amount which the said defendants have been condemned to pay. That the plaintiff-appellee pay the cost of this appeal.